UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAYO BROWN, on behalf of himself and all other similarly situated consumers, ) ) | Case No.: |
| Plaintiff, ) ) | |
| vs. ) ) | COMPLAINT  -- CLASS ACTION |
| ARS NATIONAL SERVICES, INC., ) ) | |
| Defendant. ) ) ) | |

Plaintiff, Dayo Brown (hereinafter "Plaintiff"), hereby allege:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times have resided in Philadelphia, Pennsylvania and is a  "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant ARS National Services, Inc. ("ARS") is a corporation doing business in the State of Pennsylvania, with its corporate address as 201 W. Grand Ave., Escondido, California, 92045, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a).

## FACTUAL STATEMENT

6.      On a date better known by Defendant, Plaintiff incurred a debt through the use of a credit card for personal, familial, and household use.

7.      On or around April 25, 2017, Defendant, in an attempt to collect on said debt, sent Plaintiff a letter, attached hereto as Exhibit A.

8.      The letter provides the following 30-day notice language required by the FDCPA in the second paragraph:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request made within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

9.      The third paragraph of the letter describes in detail a settlement offer.

10.     The fourth paragraph states, "There are other payment options available." It then proceeds to list the options for payment, including online, by phone, Western Union, Moneygram, and regular mail.

11.     The final paragraph states, "Please call us at (800) 976-0960 with any questions or to discuss all your payment options."

12.     The letter is confusing and misleading because it suggests multiple options for the consumer to communicate with the debt collector in order to dispute the debt.

13.     Specifically, by supplying the phone number and asking the consumer to call "with any questions" the least sophisticated consumer would not know that a dispute must be in writing and may take the easier option of disputing the claim by phone.

14.     In fact, the phrase, "with any questions" necessarily implies that questions about the validity of the debt, a.k.a. a dispute, may be made by phone. *See Harlan v. Transworld Sys.*, No. 13-5882, 2014 U.S. Dist. LEXIS 48150 (E.D. Pa. Apr. 8, 2014).

15.     Additionally, the validation notice appears at the top of the letter but is succeeded by four paragraphs of important information and options to contact the debt collector. By the time a consumer reaches the end of letter, the consumer is more likely to follow the instructions on the bottom of the letter, i.e. call to dispute the debt.

16.     Furthering this confusion, is Defendant's use of the word "If" in the validation notice. This suggests an option to dispute the debt in writing. This is starkly contrasted by the following sentence in the notice, which states, "Upon your written request made within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor."

## CLASS ACTION ALLEGATIONS

### The Class

17.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

18.     Plaintiff seeks certification of the following class, initially defined as follows:

**The Class: All consumers with a Pennsylvania address that received a letter substantially similar to Exhibit A from Defendant within one year prior to the filing of this complaint.**

19.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

20.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the Pennsylvania, each of which

violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21.    The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

23.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

24.    The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

25.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26.     Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

34.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq.***

35.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36.     Defendant's false and deceptive representations to Plaintiffs violate the below provisions of the FDCPA.

37.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
>> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.**

38.     Section 1692g provides:

> **§ 1692g. Validation of debts**

6

**(b) Disputed debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

WHEREFORE, Plaintiffs respectfully request that this Court do the following:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory and actual damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for the Plaintiff and each member of the class;

C. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

D. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

39.    Plaintiff demands a jury trial on all issues so triable.

Dated this 6th day of March, 2018.

Respectfully Submitted,

Nicholas Linker, Esq.
Zemel Law LLC
78 John Miller Way, Suite 430
Kearny, NJ 07032
Tel: (862) 227-3106
Email: nl@zemellawllc.com
Attorney for Plaintiffs

Exhibit A

Department #127199
P.O. Box 3005
Phoenixville, PA 19460

April 25, 2017

DAYO BROWN

PHILADELPHIA PA 19124-1038

024906

**ARS National Services Inc.**
PO Box 469100
Escondido, CA 92046-9100
(800) 976-0960
Fax: (866) 422-0765
Live Chat and Online Payments:
www.PayARS.com

### ACCOUNT IDENTIFICATION

Creditor: Department Stores National Bank
Account No.: *******7937
ARS Reference No.: 34676001
Balance: $2,110.00

*In reference to your Macy's account*

### Welcome to ARS!

Dear Sir/Madam,

ARS is a national organization experienced in helping customers resolve their outstanding balances. Department Stores National Bank has placed your account referenced above with ARS. We look forward to working with you to find a repayment plan that fits within your budget.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Subject to your rights noted above, one option to resolve your account is to settle your account for the reduced amount of $1,160.50, a savings of $949.50. If you cannot make the settlement payment by 5/30/2017, please contact us to discuss alternative arrangements. We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew this offer. All payments we receive from you will be applied to reduce your balance. Even if this settlement is cancelled due to a missed payment there may be opportunities to settle at a later date. This offer does not affect your rights described above.

There are other payment options available. To review payment options 24 hours a day, please visit our website at www.PayARS.com. To access your account, you'll be asked to provide your ARS Reference Number (34676001). ARS also offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS 34676001), and Moneygram "Express Payment" (Receive Code: 2469). Payments, made payable to DSNB, can be mailed to the ARS Escondido, CA address above.

We are committed to helping you resolve your balance. Please call us at (800) 976-0960 with any questions or to discuss all your payment options. Office hours are Monday through Friday, 8:30 a.m. - 10:00 p.m. and Saturday 9:00 a.m. - 5:00 p.m. (Eastern Time).

Sincerely,
Alec Tilley x6714
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

1 of 1

127435-CB1WC4-290